**SCHWARZ v CINCINNATI (city)**

Ohio Appeals, 1st Dist, Hamilton Co

No 5113. Decided Oct 19, 1936

Bert H. Long, Cincinnati, and Frank Mc-Erlane, Cincinnati, for appellant.

John D. Ellis, City Solicitor, Cincinnati, and J. B. Graus, Jr., Assistant City Solicitor, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

The jury returned a verdict for the defendant and judgment was rendered on the verdict.

The defendant gave its permission to a civic association to hold a celebration, including fireworks display on July 4th, in one of its public parks. On the following day between nine and ten o'clock, A. M., the plaintiff, a minor aged twelve years, found an unexploded bomb in the park, carried it away, lighted the fuse, the bomb exploded and he was injured. The action was for damages on account of the injuries.

In his petition the plaintiff grounded his claim for recovery on negligence in not exercising reasonable care to remove the bomb from the park or guard the public against the danger from its presence after the defendant knew or in the exercise of reasonable care should have known of its presence.

The case was correctly tried on the theory that it was necessary that the plaintiff prove those allegations.

The plaintiff now claims that the defendant having given permission to give the display of fireworks in the park, no further notice was required. It is claimed that Cleveland v Ferrando, 114 Oh St 207, so decides. A reading of that case will disclose that that is not what it decides. The defendant's duty under §3714, GC, was to exercise reasonable care to keep the park free from nuisance.

In Cleveland v Ferrando, supra, it is stated in the second paragraph of the syllabus that:

"The presence of an unguarded, unexploded bomb in a public park is a nuisance per se, and a municipality owning and controlling such public park, on proof of knowledge or notice of such nuisance, actual or constructive, is liable to persons injured by reason of its failure to remove same."

It will be observed that it is specifically stated that liability for the nuisance was conditioned upon "proof of knowledge or notice of such notice of nuisance, actual or constructive."

Permit to conduct the celebration in the park was not authority to create a nuisance. It was not authority to leave an unexploded bomb in the park. The defendant had a right to assume that reasonable care would be exercised by those to whom it had given permission and that they would leave no dangerous substance in the park. It had a right to assume that until it knew or in the exercise of reasonable care should have known that they left the bomb.

In the first paragraph of the opinion in Cleveland v Ferrando, supra, it is said:

"It seems to be well settled that an action of negligence against a municipality may not be grounded upon the issuance of a permit by the municipality to persons, or organizations, to explode fireworks, nor can the municipality be held for an action of negligence grounded upon the failure of

the municipality to supervise or regulate such exhibition; both the issuing of such permit and the regulation of the exhibition being police regulations and governmental in character. **Robinson v Greenville, 42 Oh St 625, 51 Am. Rep. 857.**"

In the case at bar as well as in Cleveland v Ferrando, supra, the accident occurred in the morning following the display. The court at page 210 of the opinion in the Ferrando case discusses the effect of that circumstance upon the right of recovery, saying:

"There may be some question whether the allegation, 'that next morning the said plaintiff * * * went as usual through said park where said fireworks were exhibited and near thereto, and * * * found a piece of explosive, which he picked up and * * * lighted, * * * which immediately exploded and injured * * * this plaintiff;' does not show upon the face of the petition such facts as to preclude any theory of constructive notice to the municipality, and thereby make that particular allegation demurrable, but the averment 'that defendants did know' precludes the sustaining of the demurrer upon that ground."

Certainly this issue having been resolved by the jury against the plaintiff should not be disturbed.

It is claimed that the court erred in giving special charge on the subject of contributory negligence that did not state the standard of care required by a minor of the plaintiff's age. **Bartson v Craig, 121 Oh St 371,** decides that a special charge on contributory negligence is unobjectionable without such inclusion.

While the charge on contributory negligence approved in Bartson v Craig, supra, was disapproved in **Plotkin v Meeks, 131 Oh St 493,** the disapproval was on the ground that the charge assumed negligence and left only the issue of proximate cause to the jury. The special charge in the case at bar contained no such assumption. It left not only proximate cause but also the issue of plaintiff's negligence to the jury for its determination. In Plotkin v Meeks, supra, there is no suggestion that the charge in Bartson v Craig, supra, was defective because it failed to define negligence as applied to a minor. No such issue was involved in the later case.

If the plaintiff desired a special charge on that subject, he should have requested it.

We find the issues of the defendant's negligence, the plaintiff's contributory negligence, and damage were submitted to the  jury under proper instructions, that considered most favorably to the plaintiff the evidence was such that diverse conclusions could have been drawn, and, therefore, this court would not be justified in disturbing the judgment.

The judgment is affirmed.

ROSS, PJ, concurs.